UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DARIEN MOORE a/k/a TYRONE ROUSE,

                Plaintiff,          **08-CV-4004 (GEL)**

   -against-

THE CITY OF NEW YORK AND SEVERAL     **COMPLAINT**
UNIDENTIFIED POLICE OFFICERS ASSIGNED   **AND JURY DEMAND**
TO THE 46TH PRECINCT,

                                   **ECF CASE**

                Defendants.
----------------------------------------------------------------------X

     Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE by his attorneys, TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of Defendants THE CITY OF NEW YORK AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT, respectfully alleges as follows:

## PRELIMINARY STATEMENT

     1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

     2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

     3. Jurisdiction is founded under 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

     4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

     5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE is a Black male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the General Municipal Law of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, including all the police officers thereof, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction, control and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT were employed by Defendant THE CITY OF NEW YORK..

10. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT acted within the scope of their employment for Defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City and State of New York, and under the authority of their office as police officers for said city and state.

## FACTS

12. That on January 16, 2007, at approximately 8:30 a.m., Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was lawfully present at 313 East 176th Street, in the County of Bronx, City and State of New York.

13. That, at the aforementioned time and place, Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was suddenly accosted by members of the New York City Police Department

including, but not limited to, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT.

14. That, at the aforementioned time and place, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT forcibly entered Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE's place of dwelling without warrant or permission to do so.

15. That, at the aforementioned time and place, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT assaulted Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE, handcuffed Plaintiff, strip-searched Plaintiff, and placed Plaintiff under arrest for burglary, despite Defendants' knowledge that they lacked reasonable grounds or probable cause to do so.

16. That Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was then transported to the Forty Six Police Precinct (2120 Ryer Avenue, Bronx, New York 10457) of the New York City Police Department, where he was held before being transported to Bronx Central Booking (215 East 161st Street, Bronx, New York) where his arrest was processed.

17. That Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was subsequently arraigned, and following said arraignment, was released from custody.

18. That Defendants initiated criminal proceedings against Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE despite Defendants' knowledge that they lacked probable cause to do so.

19. That Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was held, detained and imprisoned for approximately 12 hours by Defendants before being released.

20. That all charges against Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE have been dismissed.

21. As a result of the foregoing, Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION FOR**
**FALSE ARREST PURSUANT TO 42 U.S.C. § 1983**

22. Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE repeat, reiterate, and reallege

each and every paragraph of this complaint and further allege:

23. Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE had not committed any offense and Defendants did not have reasonable grounds or probable cause to believe that Plaintiff had committed any offense.

24. Defendants were aware that probable cause did not exist for the arrest and detention of Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE and that said arrest and detention was illegal, without justification or excuse, and without authority of law, and Defendants acted with malicious intent to arrest, oppress, and injure Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE and such actions were committed in bad faith.

25. As a direct and proximate result of the above-described unlawful and malicious acts of the Defendants, all committed under color of their authority as police officers, and while acting in that capacity, Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was deprived of the rights and immunities secured to her under the Constitutions and laws of the United States and of the State of New York, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 U.S.C. §§ 1981, 1983, and 1985 (2) and (3), her liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983

26. Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

27. For approximately 12 hours on January 16, 2007, Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was falsely imprisoned by the Defendants who procured and /or effected said false imprisonment knowing their actions to be wrongful and malicious and without any basis.

28. The Defendants intended to confine Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE, and Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE was conscious of the confinement and did not consent to the confinement.

29. The Defendants' words, actions, and the charges laid by them were willful, malicious,

false, wrongful, without reason or basis and without probable cause and committed in bad faith and solely for the purpose of falsely imprisoning Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE and damaging Plaintiff in his reputation and depriving him of his liberty.

30. As a direct and proximate result of the above-described unlawful and malicious acts of the individual Defendants all committed under color of their authority as police officers of Defendant THE CITY OF NEW YORK, and while acting in that capacity, Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE suffered damage, all of which is in violation of his rights under the Constitution and laws of the United States and of the State of New York.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

31. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

32. The level of force employed by the Defendants was objectively unreasonable and in violation of Plaintiff EDWARD JONES's constitutional rights.

33. As a result of the aforementioned conduct of Defendants, Plaintiff EDWARD JONES was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

34. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

35.  Each and every individual Defendant had an affirmative duty to intervene on Plaintiff EDWARD JONES's behalf to prevent the violation of his constitutional rights and failed to so intervene despite having had a realistic opportunity to do so.

36.  As a result of the aforementioned conduct of the individual Defendants, Plaintiff EDWARD JONES's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## FOR MUNICIPAL LIABILITY

37. Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to: a) wrongfully targeting and detaining minority males based on racial profiling; b) unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; c) using excessive force on individuals who have already been handcuffed; d) using force in an unreasonable, unnecessary, and unjustified manner; and using force with the purpose and intent of maliciously and sadistically punishing individuals in their custody. and e) making unlawful arrests in order to satisfy an arrest quota.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE as alleged herein.

43. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating Plaintiff' constitutional rights.

44. All of the foregoing acts by defendants deprived Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE of federally protected rights including, but not limited to, the right:

    A. Not to be deprived of liberty without due process;

    B. To be free from seizure and arrest not based on probable cause;

    C. To be free from unlawful search;

    D. Not to have excessive force imposed upon him;

    E. To receive equal protection under the law.

45. As a result of the foregoing, Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE is entitled to compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00)

**WHEREFORE** Plaintiff DARIEN MOORE a/k/a TYRONE ROUSE demands judgment, jointly and severally, against Defendants THE CITY OF NEW YORK AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 46TH PRECINCT, in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: White Plains, New York
       March 31, 2008

 

TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
By: Tracie A. Sundack (TS-7778)
Attorneys for Plaintiff
DARIEN MOORE a/k/a TYRONE ROUSE
19 Court Street, 3rd Floor
White Plains, New York 10601
(914) 946-8100