

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MAURICE L. HUDSON<br>(212) 788-0869<br>fax: (212) 788-9776<br>mhudson@law.nyc.gov |

May 20, 2008

**BY ECF**
Honorable Gerard E. Lynch
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 910
New York, NY 10007

      Re:    <u>Darien Moore a/k/a Tyrone Rouse v. City of New York, et al.</u>
               08-CV-4004 (GEL)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced federal civil rights lawsuit. I respectfully write to request a sixty day enlargement of time for defendants City of New York and New York City Police Department to answer or otherwise respond to the complaint from May 28, 2008, to July 28, 2008. Plaintiff's counsel, Tracie A. Sundack, Esq., consents to this request. The reasons for this request are set forth below.

        By way of background, plaintiff Darien Moore a/k/a Tyrone Rouse brings this action alleging, *inter alia*, false arrest, false imprisonment, excessive force, malicious prosecution and failure to intervene. Specifically, plaintiff's complaint alleges that on the January 16, 2007, at approximately 8:30 a.m., several unidentified officers of the New York City Police Department (NYPD) 46th Precinct forcibly entered plaintiff's place of dwelling at 313 East 176th Street in Bronx County, New York, handcuffed and strip-searched plaintiff, and arrested him on suspicion of burglary. Plaintiff further alleges that he was taken to the 46th Precinct on Ryer Avenue in the Bronx, before being transported to Bronx Central Booking on East 161st Street, where he was held until his arraignment and ultimately released after 12 hours in detention. Finally, plaintiff alleges that all charges against him have been dismissed and that he has sustained various injuries, including physical and psychological injuries.

        We request an enlargement of the time to answer or otherwise respond because the records of the underlying criminal actions pertaining to this incident, including police

records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. In order to meet our obligations under Rule 11 of the Federal Rules of Civil Procedure to conduct a reasonable inquiry, we will need to access the documents pertaining to the underlying criminal case. Accordingly, we forwarded a release to plaintiff's counsel on May 8, 2008. Once this Office has received the executed release, defendants can access the information, properly assess the case, and respond to the complaint.

In addition, because plaintiff alleges that he suffered physical injury as a result of the alleged incident, this office is also forwarding to plaintiff for execution an authorization for the release of the pertinent medical records. Defendants cannot obtain these records without the authorizations, and without the records, defendants cannot properly assess this case or respond to the complaint.

This is defendants first enlargement request, and the proposed enlargement will not affect the schedule for the case. Accordingly, it is respectfully requested that defendant's time to answer or otherwise respond to the complaint be enlarged from May 28, 2008, to July 28, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Maurice L. Hudson
Assistant Corporation Counsel

cc:   Tracie A. Sundack, Esq. (by ECF)
      Tracie A. Sundack & Associates, LLC
      *Attorneys for Plaintiff*
      19 Court Street, 3rd Floor
      White Plains, NY 10601