UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARIEN MOORE *also known as* Tyrone Rouse,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, and Several Unidentified
Police Officers Assigned to the 46th Precinct,

                            Defendants.

**ANSWER**

Jury Trial Demanded

08 CV 4004 (GEL)(RLE)

------------------------------------------------------------------------ x

The City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to demand a jury trial as stated therein.

      6.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff is a Black male.

      7.    Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

      8.    Denies the allegations set forth in paragraph "8" of the complaint and respectfully refers the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

      9.    Denies the allegations set forth in paragraph "9" of the complaint as they pertain to unidentified individuals.

      10.    Denies the allegations set forth in paragraph "10" of the complaint as they pertain to unidentified individuals.

      11.    Denies the allegations set forth in paragraph "11" of the complaint as they pertain to unidentified individuals.

      12.    Denies the allegations set forth in paragraph "12" of the complaint, except admits that at approximately 8:30 a.m. on or about January 16, 2007, plaintiff was in the vicinity of 313 East 176th Street, in Bronx County, New York.

      13.    Denies the allegations set forth in paragraph "13" of the complaint.

      14.    Denies the allegations set forth in paragraph "14" of the complaint.

      15.    Denies the allegations set forth in paragraph "15" of the complaint.

      16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-21" inclusive of its answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-25" inclusive of its answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Paragraph "28" of the complaint is a conclusion of law, and not an averment of fact. Accordingly, no response is required.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-30" inclusive of its answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint and further states that, upon information and belief, EDWARD JONES is not a plaintiff in this action.

33. Denies the allegations set forth in paragraph "33" of the complaint and further states that, upon information and belief, EDWARD JONES is not a plaintiff in this action.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-33" inclusive of its answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-36" inclusive of its answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint, including all subparts.

45. Denies the allegations set forth in paragraph "45" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable or negligent conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50. Plaintiff has failed to comply, in whole or in part, with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51. Plaintiff cannot recover punitive damages from defendant City of New York.

- 6 -

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

52.     Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

53.     Plaintiff's claims may be barred in part by the applicable period of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

54.     There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

55.     There was reasonable particularized suspicion for any search.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            July 24, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendant City of New York
        100 Church Street, Room 3-209
        New York, New York 10007
        (212) 788-8684

By:   /s/ Maurice L. Hudson
       Maurice L. Hudson
       Assistant Corporation Counsel

To:   Tracie A. Sundack, Esq. (by ECF)
      TRACIE A. SUNDACK & ASSOCIATES, LLC
      *Attorneys for Plaintiff*
      19 Court Street, 3rd Floor
      White Plains, New York  10601
      (914) 946-8100